[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PROTECTION FROMFORECLOSURE (#105)
On May 21, 1993, the Ramapo Bank, instituted the present action seeking to foreclose a mortgage on premises owned by defendant John Houk.[1] The complaint alleges that the defendant had defaulted on a note and mortgage in the principal sum or $124,000. The Ramapo Bank assigned its rights in the note and mortgage to M T Mortgage Corporation, and M T Mortgage was substituted as the party plaintiff on January 24, 1995. The defendant applied to this court on June 15, 1993, for protection from foreclosure pursuant to General Statutes § 49-31d et seq., the Foreclosure Moratorium Act. The defendant attached a financial affidavit and tax returns to the application. The defendant represents that he qualifies, pursuant to the statutory provisions, for protection from foreclosure and judicial restructuring.
The court entered a judgment of default on June 30, 1994. An answer was filed by the defendant on July 18, 1994 to cure the default.[2] Nevertheless, there is presently a default judgment against the defendant in the present case. Despite the fact that the defendant filed a disclosure of defense on February 14, 1995, the default was entered by the court on June 2, 1995, for the failure of the defendant to disclose defenses to the foreclosure.[3]
The defendant explained in a motion to reopen default filed June 16, 1995, that he has not acted upon the application for protection from foreclosure until now because of settlement discussions and CT Page 8891 the possibility that there would be a workout between the parties.[4]
The plaintiff has not filed an objection to the application for protection from foreclosure.
Section 49-31f provides that:
 a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if: (1) The mortgage being foreclosed encumbers the residential real property, which property has served as his principal residence, for a period of two years and (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven year period.
"The act permits the court to consider `any relevant facts,' but mandates that it consider: (1) the likelihood that the homeowner will be able to make timely payments on the restructured mortgage commencing at the end of the restructuring period; and (2) the presence of any substantial prejudice to the lender or any subordinate lienor or encumbrancer which would result from a restructuring of the mortgage debt." D. Caron, Connecticut Foreclosures (2d Ed. 1989) § 15.05, p. 231. "The application for protection statutory scheme was obviously devised, not to benefit the lending institutions but rather to provide, as a matter of public policy, a mechanism to allow a homeowner who has suffered asudden financial hardship an opportunity to restructure hisfinancial affairs." (Emphasis added.) Dime Savings Bank v.Romano, 6 Conn. L. Rptr. 585 (June 17, 1992, Katz, J.)
"Homeowner is defined as a person having an-ownership interest in residential real property and who has owned and resided in the subject property for a continuous period of at least two years prior to the foreclosure." D. Caron, § 15.03, p. 230. The defendant John Houk is the owner of record of the property in this foreclosure action.
An issue arises as to whether the defendant John Houk classifies as an underemployed or unemployed person under the statute. "The underemployed person is defined as one whose earned income during the twelve-month period immediately preceding the commencement of the foreclosure action is less than fifty thousand dollars and less than seventy-five percent of his average annual CT Page 8892 earned income during the two years immediately preceding such twelve-month period. If there is more than one homeowner, the aggregate earned income of all homeowners must meet these income guidelines." D. Caron, § 15.03, p. 229.
"It should be apparent that the owner's financial affidavit will not provide the court with sufficient information upon which to act, and thus the application necessarily calls for an evidentiary hearing. The owner should be prepared to advise the court of all of the circumstances surrounding the unemployment or underemployment, and offer some basis upon which the court can assess the owner's ability to meet the restructured mortgage payments." D. Caron, § 15.05, pp. 231-32.
Accordingly, the court will hold an evidentiary hearing on the defendant's application for protection from foreclosure.
RICHARD J. TOBIN, JUDGE